UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT T. ORR,

        Plaintiff,

 -against-          5:08-CV-0773 (LEK/RFT)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

**DECISION AND ORDER**

 Presently before this Court is Plaintiff's Motion for attorney fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412, filed on July 17, 2009. Motion (Dkt. No. 20). This Court previously issued a Consent Order and Judgment remanding the case to the Commissioner in accordance with sentence four of 42 U.S.C. § 405(g). May 19, 2009 Order (Dkt. No. 18); Judgment (Dkt. No. 19). A party who obtains a sentence four remand is a "prevailing party" for purposes of the EAJA, and is therefore entitled to pursue attorney fees under the EAJA. Shalala v. Shaefer, 509 U.S. 292, 301-302 (1993). Defendant Commissioner of Social Security does not oppose the Motion Dkt. No. 21. It is the duty of the Court to review this Motion in accordance with the EAJA statutory framework and related case law. See 42 U.S.C. § 2412; Schaefer, 509 U.S. at 297-298, 300-301.

**I. DISCUSSION**

 The EAJA provides for an award of attorney fees and costs to the prevailing party in social security litigation against the United States when the government fails to demonstrate that its

1

position was "substantially justified," and absent "special circumstances" making an award unjust. See 42 U.S.C. § 2412(d)(1)(A); Wells v. Bowen, 855 F.2d 37, 41 (2d Cir. 1988) (citations omitted). In social security litigation, a plaintiff who succeeds in obtaining a remand under sentence four of § 405(g) is a "prevailing party," and may pursue fees under the EAJA. Schaefer, 509 U.S. at 297-298, 300-301. On May 20, 2009, the Court entered a Judgment remanding the case to the Commissioner in accordance with sentence four. Judgment (Dkt. No. l9). The burden of proving substantial justification is on the government. Rosado v. Bowen, 823 F.2d 40, 42 (2d Cir. 1987). In this case, Defendant does not oppose the present motion lest argue that his position was "substantially justified" or that "special circumstances" suggest a reduced award. Dkt. No. 21. Accordingly, the government has failed to sustain the burden necessary to defeat an award of attorney fees. After reviewing the record and the papers submitted by the parties in regard to the present Motion, the Court finds that Defendant's position was not substantially justified and that no circumstance suggests justice would be achieved by withholding the reimbursement of fees for a reasonable number of hours expended.

Plaintiff requests fees in the amount of $5,976.43, and has provided documentation in support of this demand. Dkt. No. 20. This represents reimbursement for 34.3 hours at a rate of $174.24 per hour[1]. Id. The government has not objected to the reasonableness of this amount. Dkt. No. 21. Upon review of the documentation submitted by Plaintiff's attorney, the Court finds the

---

[1] The EAJA requires reimbursement at a rate of $125 per hour, subject to an upward cost of living adjustment or a special factor justifying a higher fee. See 42 U.S.C. § 2412(d)(2)(A). The rate of $172.24 per hour is within the cost of living increase adjustment to the EAJA base rate. The Consumer Price Index is available from the U.S. Department of Labor, Bureau of Labor Statistics. See U.S. Dep't of Labor, Consumer Price Index, All Urban Consumers, available at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.

number of hours and the total amount reasonable. Therefore, the Court finds that the amount requested is reasonable.

## II.     CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney fees (Dkt. No. 20) is **GRANTED**, and the Commissioner of Social Security is directed to pay $5,976.43 to Plaintiff's attorney of record, Jaya A. Shurtliff; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     August 19, 2009
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge